UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

IN Re AVISTA CORP. SECURITIES LITIGATION

No. CV-02-328-FVS

ORDER

**THIS MATTER** came before the Court pursuant to the Defendant's Motion for Reconsideration, Ct. Rec. 150. The Court heard oral argument in this matter on October 6, 2005. The Plaintiffs were represented by Benjamin Schwartzman, Merrick Scott Rayle, and Thomas Grammar. Defendant was represented by David Jacobson, Donald Stone, and Michael Scott. The Court also received supplemental briefing from the parties after oral argument. The Court has reviewed that briefing and the entire file and is fully informed.

**I. BACKGROUND**

This is a class action for securities fraud against Defendant Avista Corporation[1] and some of its officers[2] (hereinafter Avista). Plaintiffs are individuals who purchased or sold shares of Avista stock between November 23, 1999, and August 13, 2002, (the "Class

[1] It is alleged that at the times relevant to this action, Avista Corporation was the owner of Avista Capital, which owned Avista Energy, which was engaged in the purchase and sale of electricity.

[2] There are three individual defendants: Thomas M. Matthews, Gary Ely and Jon E. Eliason.

Period"). Plaintiffs bring this action under Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 as amended (15 U.S.C. § 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). On July 30, 2004, the Court entered an Order denying Avista's motion to dismiss Plaintiffs' Consolidated Amended Class Action Complaint ("CAC"). (Ct. Rec. 117). Pursuant to Federal Rule of Civil Procedure 60(b), Avista now seeks reconsideration of that Order and moves to Dismiss the CAC.

## II. DISCUSSION

### *A. Legal Standards*

#### 1. Motion for Reconsideration

It is within the Court's discretion to reconsider its July 30, 2004, Order Denying Motion to Dismiss. *School Dist. No. 1J, Multnomah County, OR v. AcandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.*

Reconsideration is appropriate in this case because the recent United States Supreme Court decision in *Dura Pharmaceuticals, Inc. v. Broudo*, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005), reversed Ninth Circuit case law regarding what is required to withstand a motion to dismiss under Section 10(b) of the Securities and Exchange Act with respect to pleading loss causation. Therefore, the Court grants Avista's motion to reconsider.

//

2. Motion to Dismiss

Avista's motion for reconsideration moves the Court to dismiss the CAC with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) on the basis that it fails to adequately plead loss causation. "Generally, a complaint should not be dismissed for failure to state a claim upon which relief may be granted under Rule 12(b)(6) unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997). All factual allegations set forth in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). "[F]actual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)." *Lee*, 250 F.3d at 688. The Court must give the plaintiff the benefit of every inference that reasonably may be drawn from well-pleaded facts. *Tyler v. Cisneros*, 136 F.3d 603, 607 (9th Cir. 1998). However, it is not "proper to assume that [a plaintiff] can prove the facts it has not alleged or that the defendants have violated [laws] in ways that have not been alleged." *Associated Gen. Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

3. Request for Judicial Notice

_____With its Motion for Reconsideration, Avista filed a Request for Judicial Notice (ARJN). (Ct. Rec. 153 ). Specifically, Avista

requests the Court take judicial notice of the following: seven documents from the Federal Energy Regulatory Commission (FERC) proceedings involving Avista (*see* ARJN Nos. 1-4; 6-8); the Court's July 30, 2004, Order Denying Motion to Dismiss (*see* ARJN No. 5); *Factiva*, a Dow Jones & Reuters Company Daily Stock Quotes for Avista Corp., dated November 1, 1999-June 8, 2005 (*see* ARJN No. 9); and *Factiva*, a Dow Jones & Reuters Company Dow Jones Utility Avg Opts Index, dated November 1, 1999 - June 8, 2005 (*see* ARJN No. 10). Plaintiffs only object to ARJN No. 10. For the reasons stated below, the Court grants Avista's Request for Judicial Notice.

"Courts may only take judicial notice of adjudicative facts that are not subject to reasonable dispute." *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003)(citing Fed.R.Evid. 201(b)). "Facts are indisputable, and thus subject to judicial notice, only if they either 'generally known'...or capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned[.]" *Id.* at 909. ARJN No. 10 charts daily prices for Avista stock and the Dow Jones Utility Average ("DUX") between November 1, 1999, and June 9, 2005, and that the DUX is a publicly available price-weighted index of the fifteen largest, most liquid New York Stock Exchange-listed utility stocks. Plaintiffs object to the Court taking judicial notice of this exhibit on the basis that it is "not indisputable," but they do not elaborate and do not cite any authority supporting their objection. Further, Plaintiffs acknowledge that many circuits hold that taking judicial notice of well-publicized stock prices and general market trends is permissible

in a motion to dismiss.

ARJN No. 10 appears to be the type of documents readily capable of judicial notice. *See e.g., Ganino v. Citizens Utilities Co.*, 228 F.3d 154, 167 n. 8 (2d Cir. 2000) (judicially noticing stock prices is proper in a motion to dismiss); *D.E. & J. Ltd. P'ship v. Conaway*, 284 F.Supp.2d 719, 749 (E.D. Mich. 2003) (taking judicial notice of the general decline in the stock market during the class period when considering the sufficiency of plaintiffs' loss causation pleading on a motion to dismiss); *In re Acterna Corp. Sec. Litig.*, – F. Supp. 2d – , 2005 WL 1750268 (D. Md. Jul. 26, 2005) (taking judicial notice in a motion to dismiss of the Dow Jones U.S. Telecommunications Index, which evidenced a general decline in the telecommunications market during the class period); *Keithley Instruments Inc. Sec. Litig.*, 268 F. Supp. 887 (N.D. Ohio, 2002) (taking judicial notice in a motion to dismiss of the stock prices of the defendant's primary competitor, the NASDAQ composite, and the Dow Jones Semiconductor Index over the period in question). Therefore, the Court grants ARJN of No. 10. For the same reasons, the Court grants ARJN of No. 9 and takes judicial notice of the Dow Jones Stock Quotes for Avista stock. However, the Court is not convinced that either of these documents are material to the issue before the Court. Further, the Court takes judicial notice of the documents from the FERC proceedings (ARJN Nos. 1-4 & 6-8), but only for the purpose of establishing those documents' existence and contents, not for the purposes of assuming the truth of the matters asserted therein, and the Court's July 30, 2004, Order Denying Motion to Dismiss (ARJN No. 5).

***B. Pleading Requirement for Claims Under Section 10(b) and Rule 10b-5***

To state a claim for securities fraud under Section 10(b) of the Securities and Exchange Act and Rule 10b-5, a plaintiff must allege a material misrepresentation (or omission), scienter (i.e. a wrongful state of mind), a connection with the purchase or sale of a security, reliance, economic loss, and loss causation. *Dura Pharmaceuticals*, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005).

1. Falsity and Scienter

Plaintiffs' allegations center on Avista's alleged public representations that Avista had adopted comprehensive risk management procedures and controls over its energy trading. For example, Plaintiffs allege Avista made misrepresentations in its 10-K Annual Reports filed with the SEC in 1999, 2000, 2001 and 2002, indicating it was adopting strong risk management controls and procedures, and comprehensive monitoring of its risk management. Instead, Plaintiffs allege Avista's upper management, including the individual defendants in this action, did not implement or monitor risk management controls and procedures. Plaintiffs allege Avista's November 23, 1999 press release and 1999 10-K Form represented that Avista was moving toward lower-risk regionally based energy trading practices backed by physical assets. Instead, according to the Plaintiffs, Avista knowingly engaged in repeated high-risk Enron trading schemes.

Avista's original motion to dismiss sought to dismiss the CAC on the basis that these allegations were insufficient to satisfy the heightened pleading standards for falsity and scienter under the PSLRA (Private Securities Litigation Reform Act). The Court denied

the motion, finding the CAC, when taken as a whole, pled facts sufficient to create a strong inference that Avista made false or misleading statements with conscious or deliberate recklessness, satisfying the heightened pleading requirements regarding false or misleading statements and scienter.

2. Loss Causation

Avista now moves to dismiss the CAC on the ground that Plaintiffs have not adequately pled loss causation. A securities fraud plaintiff must plead and prove loss causation, which is "a causal connection between the material misrepresentation and the loss." *Dura Pharmaceuticals*, 125 S.Ct. at 1631 (citing 15 U.S.C. § 78u-4(b)(4)). Loss causation is "equivalent to proximate causation in tort." *Binder v. Gillespie*, 184 F.3d 1059, 1066 (9th Cir. 1999). Prior to the Supreme Court's decision in *Dura Pharmaceuticals*, a plaintiff claiming securities fraud under Section 10(b) and Rule 10b-5 could plead causation by merely alleging and ultimately proving that the price of the security on the date of the purchase was artificially inflated because of the defendant's misrepresentation. *See Dura Pharmaceuticals, Inc. v. Broudo*, 339 F.3d 933, 938 (9th Cir. 2003). However, the Supreme Court, noting that the Ninth Circuit's rule contravened that of several other circuits, found that such a rule fails to ensure actual causation in all cases. *Dura Pharmaceuticals*, 125 S.Ct. at 1630-31. The Supreme Court concluded a securities fraud plaintiff must do more than allege purchase price inflation. Additionally, the plaintiff must allege facts that show the misrepresentations alleged in the complaint proximately caused

the alleged economic loss. *Id.* at 1634.

Here, Plaintiffs allege they were damaged in that they paid market prices for Avista stock which were artificially inflated by Avista's violations of the federal securities law. CAC, ¶ 2. On its own, this allegation is insufficient to plead loss causation. *See Dura Pharmaceuticals*, 125 S.Ct. at 1630 (finding that securities fraud complaint failed to state a claim under Section 10(b) because the complaint alleged nothing more than that the plaintiffs suffered damages because they paid artificially inflated prices for the securities). Beyond the allegations of artificial inflation, there are really only two paragraphs in the CAC that allege economic loss. Plaintiffs allege they were damaged in that the FERC's announcement of its Show Cause Order and Initiating Order caused the price of Avista stock to drop. *See* CAC ¶¶ 14, 15.

On June 5, 2002, the FERC ordered Avista to show cause why its authority to sell electricity at market-based rates should not be revoked. This Show Cause Order was issued after Avista allegedly failed to comply with its investigation into Avista's electricity trades. On August 14, 2002, FERC announced a possible enforcement action against Avista (Initiation Order). When news of the orders became public, Plaintiffs allege Avista's stock plummeted. Plaintiffs argue the CAC enumerates the loss claimed by specifying the decline in stock price on particular dates. Plaintiffs also argue the CAC enumerates loss causation by alleging that the losses occurred when "the truth about Avista began to be revealed" through the FERC proceedings. This is insufficient to adequately plead loss

causation because the CAC does not allege facts showing the drops in Avista's stock price following the announcement of the FERC orders were *caused by* disclosure of Avista's alleged *misrepresentations.* In fact, Plaintiffs specifically contend Avista's alleged misrepresentations *have not* been disclosed, stating "[t]he facts still have not been disclosed by defendants to the public." CAC, ¶14.

*a. To adequately plead loss causation, Plaintiffs must show the FERC Orders revealed some of Avista's alleged fraud to the public.*

In *Dura Pharmaceuticals*, the complaint failed because it did not allege "that Dura's share price fell significantly after the truth became known...." *Dura Pharmaceuticals*, 125 S.Ct. at 1634. Therefore, to plead loss causation a securities fraud plaintiff must allege a disclosure of the alleged fraud to the public. *See e.g., In re Daou Systems, Inc. Sec. Litig.*, 411 F.3d 1006 (9th Cir. 2005) (plaintiffs' economic loss occurred *after* "defendants began to reveal figures showing the company's true financial condition"); *In re Acterna Corp. Sec. Litig.*, – F.Supp.2d, 2005 WL 1750268, *22 (D. Md. Jul. 26, 2005) ("in *Dura*, the Supreme Court not only endorsed, but made controlling what had developed in the lower courts as the majority view:...loss causation requires the plaintiff to point to some causal link between the alleged misrepresentations and an economic loss suffered by the plaintiff. 'The most common "causal link" pled under this rule is a showing that the plaintiff suffered an economic loss fairly attributable to the public airing of the alleged fraud, *i.e.*, a significant stock price decline immediately following the announcement that reveals the fraud to the public.'"

(quoting *D.E. & J. Ltd. P'ship v. Conaway*, 284 F.Supp.2d 719, 748-49, *aff'd*, 2005 WL 1386448 (6th Cir. June 10, 2005); *Fraternity Fund Ltd. v. Beacon Hill Asset Management LLC*, 376 F.Supp.2d 385, 403 (S.D.N.Y. 2005) (holding that loss causation requires "'both that the loss be foreseeable *and* that the loss be caused by the materialization of the concealed risk.'")(citing *Lentell v. Merill Lynch & Co.*, 396 F.3d 161, 174 (2d Cir. 2005)). Because Plaintiffs allege they have adequately plead loss causation by pointing to the FERC Orders to establish that Avista's alleged misrepresentations and omissions caused Plaintiffs' alleged losses, the FERC Orders must disclose the alleged fraud to the public.

*b. The FERC Orders are not corrective disclosures.*

In its previous Order denying Avista's original motion to dismiss, the Court summarized Avista's alleged fraud as three-fold: alleged misrepresentations of Avista Energy's business focus in 1999 press release; alleged misrepresentations of Avista's risk management policies and procedures, and alleged failure to disclose illegal, Enron-related trading practices. The Court determines that Plaintiffs fail to allege loss causation because the two FERC orders do not contain factual information that reveals any of these misrepresentations or reveals any fraud by Avista.

<u>November 23, 1999 Press Release</u>. Plaintiffs allege that in 1999, Avista misrepresented that Avista Energy intended to change its business focus from national energy trading to a regionally based trading effort backed by physical assets. However, Plaintiffs do not allege that the FERC orders made these misrepresentations public. In

fact, neither the Show Cause Order nor the Initiating Order addresses Avista Energy's business focus in 1999 or whether it was redirected from a national to a regional effort. Nor does the order contradict that Avista intended to support Avista Energy's business operations in the Western region with contracts or physical assets, or that it failed to do so. The FERC Initiating Order indicates the FERC investigation would include both Avista Corporation and Avista Energy. However, this reference does not communicate any factual information about Avista Energy to the market. More specifically, it does not communicate to the market that in 1999 Avista Energy did not change it business focus from a national to a regional focus. Therefore, neither the FERC Show Cause Order or Initiating Order are sufficient to show a causal link between the alleged misrepresentation about Avista Energy in 1999 and any economic loss.

Risk Management Allegations. Plaintiffs allege Avista represented from 1999 through 2001 that it had a risk management policy, when in fact it did not, or any policy it had was ineffective. *See* CAC, ¶¶ 43-44. Neither of the two FERC Orders mention Avista's risk management policy or procedures. Therefore, the allegation that the announcements of these orders caused Avista's stock price to drop does not show a causal link between the alleged misrepresentation of Avista's risk management from 1999 through 2001 and the loss of market value in Avista stock.

Avista's Alleged Manipulative Energy Trading. Plaintiffs allege Avista failed to disclose it had engaged in energy market manipulation. The Show Cause Order and the Initiating Order

disclosed to investors that the FERC believed Avista had not cooperated in its investigation, that it might have manipulated the energy market, and that the FERC intended to investigate the matter. However, the announcement by a regulatory agency that it intends to investigate is insufficient, on its own, to plead loss causation. Since the orders did not reveal any factual information showing Avista illegally manipulated the energy market or made factual misrepresentations, the FERC Orders do not provide a basis for asserting a causal relationship between Avista's alleged failure to disclose it manipulated the energy markets and Plaintiffs' alleged economic loss.

**III. CONCLUSION**

For the reasons discussed above, the Court concludes the CAC does not allege requisite causal nexus between Avista's alleged misrepresentations and the economic harm allegedly suffered by Plaintiffs. Therefore, Plaintiffs have not adequately plead loss causation. Accordingly,

**IT IS HEREBY ORDERED** that Avista' Motion for Reconsideration, **Ct. Rec. 150**, is **GRANTED:** Plaintiffs' CAC is **DISMISSED WITH LEAVE TO AMEND.** Plaintiffs shall have 14 days from the filing of this Order to file a Second Consolidated Amended Class Action Complaint.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 19th day of October, 2005.

s/ Fred Van Sickle
Fred Van Sickle
United States District Judge