UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

In re AVISTA CORP. SECURITIES LITIGATION

No. CV-02-0328-FVS

ORDER AND FINAL JUDGMENT

On the 19th day of December, 2007, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated June 1, 2007 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against defendant Avista Corporation ("Avista") in all complaints filed in this Action, including but not limited to the Consolidated Amended Class Action Complaint and the Second Consolidated Amended Class Action Complaint (collectively the "Complaint") now pending in this Court under the above caption, including the release of Avista and the Released Parties (as defined in the Stipulation), and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of Avista and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; (4) whether, and in what amount, to award Plaintiffs' Co-Lead Counsel fees and reimbursement of expenses; and (5) whether, and in what amount, to award Class Representatives Kamal Dutt (also Lead Plaintiff) and Larry Zentz, Ronald Wambolt, Larry J. Royer, and Jon Sustad (collectively, the "Class Representatives" or

**ORDER AND FINAL JUDGMENT - 1**

"Plaintiffs") reimbursement of their reasonable costs and expenses (including lost wages) directly relating to their representation of the Class in prosecuting the Action.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased or otherwise acquired the common stock of Avista during the time period of November 23, 1999 through August 13, 2002, inclusive (the "Class Period"), except those persons or entities excluded from the definition of the Class, as shown by certain records of Avista's transfer agent, at the respective addresses set forth in such records; and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of <u>The Wall Street Journal</u> pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Plaintiffs' Motion For Final Approval of Settlement of Claims and Plan of Allocation, **Ct. Rec. 449**, is **Granted**.

2. The Court has jurisdiction over the subject matter of the Action, the Class Representatives, all Class Members, and Avista.

3. The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23 (a) and (b)(3) have been satisfied in that:  (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives

have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Class Members predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for the purposes of the Settlement, this Court hereby finally certifies this action as a class action on behalf of all persons and entities who purchased or otherwise acquired the common stock of Avista during the time period of November 23, 1999 through August 13, 2002, inclusive.  Excluded from the Class are the: (i) Defendants (defined in the Stipulation as Avista Corporation, Gary G. Ely, Thomas M. Matthews, and Jon E. Eliassen); (ii) officers and directors of Avista from commencement of the Class Period to the present; (iii) members of the immediate families (parents, spouses, siblings, and children) of any Defendant; (iv) any entity in which any Defendant has or had a controlling interest; and (v) the legal representatives, heirs, successors-in-interest, or assigns of any excluded party.  Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

5.     Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other

applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

6.   The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Class, and it is hereby approved.  The Parties are directed to comply with and consummate the Settlement in accordance with the terms and provisions of the Stipulation; and the Clerk of this Court is directed to enter and docket this Order and Final Judgment in the Action as to the claims against Avista.

7.   This Action, including the Complaint and each and every allegation and claim in the Complaint, is hereby dismissed with prejudice and without attorneys' fees or costs, except as provided in the Stipulation, as against Avista.

8.   Upon the Effective Date of this Settlement, and pursuant to the Stipulation and Order of Dismissal Without Prejudice previously entered, the dismissal of the Individual Defendants shall become a dismissal with prejudice.

9.   The Court finds the Complaint was filed on a good faith basis in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information.

10.   Upon the Effective Date of this Settlement, Class Representatives (on behalf of themselves, their heirs, executors, administrators, successors and assigns, the Class, and any and all other persons they represent, in their capacities as purchasers and acquirers of Avista common stock, and any and all corporate, representative, and other capacities) and each of the Class Members shall, with respect to each and every Claim, fully, finally and forever release, relinquish and discharge, and shall forever be enjoined from prosecuting, any Claim (including Unknown Claims) against any of the Released Parties, whether or not such Class Member executes and delivers the Proof of Claim.

11. Upon the Effective Date of this Settlement, Avista shall release and forever discharge each and every one of the Settled Defendants' Claims, and shall forever be enjoined from prosecuting the Settled Defendants' Claims.

12. "Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims (i) that have been asserted in this Action by Plaintiffs and/or the Class Members or any of them against any of the Released Parties, or (ii) that could have been asserted in any forum by Plaintiffs and/or the Class Members or any of them against any of the Released Parties which arise out of or are in any way based upon or related to (i) the transactions, facts, matters, events, occurrences, representations, disclosures, statements, omissions or failures to act which were or could have been alleged, set forth, or referred to in the Complaint; (ii) the purchase, acquisition, distribution, redemption, conversion, investment in or other transfer of Avista common stock during the Class Period; (iii) the facts that were alleged in any papers filed in the Action; and/or (iv) the administration of the Settlement, including but not limited to the administration of the Escrow Account, Gross Settlement Fund, Net Settlement Fund and Plan of Allocation.

13. "Released Parties" means the Insurers, Avista and its parents, subsidiaries, divisions and affiliates; and all of the aforementioned individuals' and entities' past, present or future directors, officers, trustees, employees, predecessors, successors, assigns, acquirers, parents, subsidiaries, divisions, affiliates, partners, joint venturers, investors, underwriters, agents, attorneys, insurers, reinsurers, or representatives, their

**ORDER AND FINAL JUDGMENT - 5**

respective heirs, executors, administrators, predecessors, successors and/or assigns, and any of them. Released Parties shall not include the Individual Defendants, who will be released upon the occurrence of the Effective Date pursuant to the Stipulation and Dismissal Without Prejudice previously entered.

14. "Settled Defendants' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law, or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by Avista or its successors and assigns against Kamal Dutt, Larry Zentz, Ronald Wambolt, Larry J. Royer, Jon Sustad, the Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action.

15. It is the intention of the Parties to extinguish all Claims, including Unknown Claims, and, consistent with such intention, the Class has waived its rights, to the extent permitted by law, under Section 1542 of the California Civil Code, or any other similar state law, federal law, or principal of common law, which may have the effect of limiting the releases set forth herein. The release ordered hereby extends to claims that the Plaintiffs, the Class Members and the Released Parties do not know or suspect to exist as of the Effective Date of the Settlement as defined in the Stipulation which, if known, might have affected their decision regarding the releases contained in this Order and Final Judgment. Plaintiffs, the Class Members, and the Released Parties have acknowledged that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the releases, but have stated that it is their intention to fully, finally, and forever settle and release any and all claims released hereby, known or unknown, suspected or

**ORDER AND FINAL JUDGMENT - 6**

unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.

16. Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against Avista in any civil, criminal or administrative action or proceeding as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Avista with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Avista;

(b) offered or received against Avista in any civil, criminal or administrative action or proceeding as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Avista, or against the Plaintiffs and the Class as evidence of any infirmity in the claims of Plaintiffs and the Class;

(c) offered or received against Avista or against Plaintiffs or the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, Avista may refer to it to effectuate the liability protection granted them thereunder;

**ORDER AND FINAL JUDGMENT - 7**

   (d) construed against Avista or Plaintiffs and the Class in any civil, criminal or administrative action or proceeding as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

   (e) construed as or received in evidence in any civil, criminal or administrative action or proceeding as an admission, concession or presumption against Plaintiffs or the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would or would not have exceeded the Settlement Fund.

  17. The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Co-Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

  18. The Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

  19. The Court finds that all persons and entities within the definition of the Class have been adequately provided with an opportunity to remove themselves from the Settlement by executing and returning a Request for Exclusion in conformance with the terms of the Stipulation.  All persons and entities who have requested exclusion from this Settlement in the manner described in the Notice are not bound by this Order and Final Judgment.  All persons and entities who have opted out of this Action are identified on Exhibit 1 hereto.

  20. In the event that the Settlement fails to become effective in accordance with its terms, or if this Order and Final Judgment is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if any party elects to

terminate the Settlement), this Order and Final Judgment (except this Paragraph) shall be null and void, the Settlement, except for ¶28 of the Stipulation, shall be deemed terminated, and the Parties shall return to their pre-settlement positions as provided for in the Settlement, except that (1) any modifications, reversal, or vacation of the award of attorneys' fees and expenses to Plaintiffs' Co-Lead Counsel on appeal or in any further motions in this Court shall in no way disturb or affect any other part of this Order and Final Judgment, and (2) any further proceedings, whether in this Court or on appeal, related to the Plan of Allocation shall in no way disturb or affect any other part of this Order and Final Judgment.

21.  Only those Class Members filing valid and timely Proof of Claim and Release forms shall be entitled to participate in the Settlement and receive a distribution from the Net Settlement Fund. The Proof of Claim and Release forms to be executed by the Class Members shall further release all Claims against the Released Parties. All Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim and Release form.

22.  Plaintiffs' Co-Lead Counsel are hereby awarded attorneys' fees in the amount of 30% of the Cash Settlement Amount, which the Court finds to be fair and reasonable, and reimbursement of expenses in the amount of $ 319,348.90, which amounts shall be paid to Plaintiffs' Co-Lead Counsel from the Gross Settlement Fund with interest from the date such Cash Settlement Amount was funded to the date of payment at the same net rate that the Cash Settlement Amount earns.

23.  In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:
> a.  the Settlement has created a fund of $9,500,000 in cash, plus interest thereon, and that numerous Class Members who submit acceptable

Proof of Claim and Release forms will benefit from the Settlement created by Plaintiffs' Co-Lead Counsel;

b. Over 71,000 copies of the Notice were disseminated to putative Class Members indicating that Plaintiffs' Co-Lead Counsel were moving for attorneys' fees in the amount of up to 33 1/3% of the Gross Settlement Fund and for reimbursement of expenses in an amount of approximately $350,000 and only one objection was filed, against the proposed ceiling on the fees and expenses requested by Plaintiffs' Co-Lead Counsel contained in the Notice;

c. This Action involved numerous difficult issues related to liability and damages;

d. Plaintiffs' Co-Lead Counsel achieved this Settlement with skill, perseverance, and diligent advocacy for the Class;

e. Had Plaintiffs' Co-Lead Counsel not achieved the Settlement there would remain a significant risk that Plaintiffs and the Class may have recovered less or nothing;

f. Plaintiffs' Co-Lead Counsel have devoted over 15,000 hours, with a lodestar value of $5,728,112.13, to achieve the Settlement, calculating to a negative multiplier of 0.5;

g. Plaintiffs' Co-Lead Counsel pursued this Action on a contingent basis;

h. Plaintiffs' Co-Lead Counsel have requested 30% of the Gross Settlement Fund in attorneys' fees, which is consistent with awards in similarly complex cases in this jurisdiction; and

i. This Settlement was negotiated at arms' length, and no evidence of fraud or collusion has been presented.

24. Class Representatives are hereby awarded the following amounts: $12,500 to Kamal Dutt, $ 5,000 to Larry Zentz, $8,800 to Ronald Wambolt, $4,750 to Larry J. Royer, and $4,850 to Jon Sustad, from the Gross Settlement Fund for reimbursement of

**ORDER AND FINAL JUDGMENT - 10**

their reasonable costs and expenses (including lost wages) directly relating to their representation of the Class in prosecuting the Action.

25. Without affecting the finality of this Order and Final Judgment in any way, the Court reserves exclusive jurisdiction over the Action, the Plaintiffs, the Class and the Released Parties for the purposes of, *inter alia*, (i) supervising the administration, interpretation, effectuation or enforcement of the Stipulation this Order and Final Judgment, (ii) hearing and determining any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class, (iii) supervising the distribution of the Net Settlement Fund, and (iv) supervising the resolution of the Action against the Individual Defendants as contemplated under the Stipulation and Order of Dismissal Without Prejudice.

26. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED. The District Court Executive is hereby directed to enter this order, furnish copies to counsel, and CLOSE THE FILE.

**DATED** this __20th__ day of December, 2007.

  s/ Fred Van Sickle  
Fred Van Sickle  
United States District Judge

**ORDER AND FINAL JUDGMENT - 11**